IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW DAVIS,
    Petitioner,

vs.                                   Case No.: 4:06cv255/RH/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## ORDER

       This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer and relevant portions of the state court record (Doc. 8). Petitioner filed a reply (Doc. 9).

       Petitioner raises one claim in the instant habeas action, namely, the trial court's failure to credit his VOP sentence with the thirteen (13) years he actually served in prison as part of his sentence for the original conviction (Doc. 1 at 4, 6). In response to an order issued by the court requiring Petitioner to show cause why his petition should not be summarily dismissed for failing to raise a federal claim, as opposed to merely a state law issue (Doc. 5), Petitioner responded that he was raising the issue as a violation of the Double Jeopardy Clause of the Constitution as interpreted by the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969) (Doc. 6).

       In its response to the petition, Respondent contends Petitioner failed to raise a federal claim in state court; therefore, the claim was not exhausted and is now procedurally barred (Doc. 8 at 5–8). Furthermore, Petitioner's claim is not cognizable in federal habeas because it presents an issue of state law only; it does not present a federal issue (*id*. at 5–6). In his reply brief, Petitioner contends that he fairly presented a federal claim to the state courts by claiming that the failure to award

sentence credit constituted a federal due process violation and violated Pearce, *supra* (Doc. 9, attached Motion to Correct Sentence at 2).

The undersigned must liberally construe Petitioner's federal petition, as clarified in his response to the show cause order, in determining the claims that he is adequately raising. *See* Drayton v. Sec'y for Dep't Corr., No. 06-14690, 2007 WL 2090583, at *1 (11th Cir. Oct. 4, 2007) (district court violated Clisby v. Jones, 960 F.2d 925, 9535–36 (11th Cir. 1992) when it failed to consider a claim that was raised in habeas petitioner's supporting memorandum). Upon consideration of the petition and Petitioner's response to the show cause order, the undersigned concludes that Petitioner has adequately raised a claim that the trial court's failure to award credit on his VOP sentence for time previously served in the DOC on the original 1991 convictions violated the Double Jeopardy Clause, as interpreted by the Supreme Court in Pearce.

Furthermore, upon review of the state court record, it appears that Petitioner raised this claim in his Rule 3.800 motion. In the state court motion, Petitioner cited Pearce and State v. Green, 547 So. 2d 925 (Fla. 1989) and argued that according to those cases, he should have been given credit on his VOP sentence for time previously served in the DOC on his original sentences (Doc. 8, Ex. A at 1–2). He also argued that the written judgment of conviction and sentence did not conform to the oral pronouncement of the sentencing court that the "DOC shall apply original jail time credit and compute the credit on the cases. That would be the time he served." (*id*. at 1; Doc. 8, Ex. A at 77–78). The state court did not address the double jeopardy claim; rather, the court addressed only the claim that the judgment and sentence did not accurately reflect the court's oral announcement at the sentencing hearing (Doc. 8, Ex. A at 3). The state court denied the motion on the ground that Petitioner's judgment and sentence conformed to the oral pronouncement of the sentencing court (*id*.).

Because it appears that Petitioner fairly presented a federal double jeopardy claim to the state courts and the state courts did not address it, it further appears that this court must review the claim de novo. Respondent requested an opportunity to address the merits of Petitioner's claim if the court found that the claim was properly exhausted (Doc. 8 at 9); therefore, the court will now direct Respondent to address the merits of Petitioner's double jeopardy claim.

Accordingly, it is **ORDERED**:

Within **THIRTY (30) DAYS** from the date of docketing of this order Respondent shall file a response addressing the merits of Petitioner's double jeopardy claim.

**DONE AND ORDERED** this 11th day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**